UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 07-13-DCR |
| ) | |
| V. ) | |
| ) | |
| DEIDRE CLARK, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** *** ***

Defendant Deidre Clark has submitted a motion requesting a number of materials which, she claims, are necessary to prepare a motion under 28 U.S.C. § 2255. [Record No 324] Although Clark indicates that she has included a fee for the cost of the materials requested, no fee has been received by the Clerk of the Court.

In support of her request, Clark references 28 U.S.C. § 753 and 18 U.S.C. § 3006A. The Court notes that 18 U.S.C. §3006A pertains to adequate representation of defendants in criminal cases. However, 28 U.S.C. § 753(f) and 28 U.S.C. § 2250 define the government's responsibility to provide transcripts or other court documents to inmates in connection with habeas proceedings. *See United States v. Gains*, 1992 WL 38157, at *1 (E.D. Pa., Feb. 20, 1992). Under § 753(f), the Government must furnish transcripts where a prisoner has authorization to proceed *in forma pauperis*, the court finds that the § 2255

action is non-frivolous, and the court actually needs the transcript to rule on an issue. *See* 28 U.S.C. § 753(f).

Clark's request for materials does not include a request for any transcripts. Therefore it does not appear that 28 U.S.C. § 753(f) is applicable. However, Clark has requested a copy of the warrant issued on February 28, 2007, together with "statements signed by witnesses, including those which were notarized by . . . Ulis Combs" which were "used in co-defendant's trial and also used to enhance [Clark's] sentence." [Record No. 324] With respect to this request, 28 U.S.C. § 2250 provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250. However, to be entitled to request documents under this section or under 28 U.S.C. 753(f), Clark must have a § 2255 application **pending.** *See United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278 278-79 (5th Cir. 1970); *United States v. Agbomire*, 239 F.App'x 929, 929-30 (5th Cir. 2007); *United States v. Lewis*, 1994 Wl 563442, at *1-2 (10th Cir. Oct. 14, 1994); *Corrigan v. Thomas*, 55 F.App'x 754, 756 (6th Cir. 2003) ("Finally, federal prisons are not entitled to obtain a transcript . . . at government expense under [§ 753(f)] for the purpose of preparing a motion to vacate where there was no motion to vacate sentence pending.") (citing *Ketcherside v.*

*United States*, 317 F.2d 807, 808 (6th Cir. 1963); *see also United States v. Hoskins*, 85 F.Supp. 313, 313-14 (E.D. Ky. 1949).

Because Clark has not filed a § 2255 motion, the posture of this case precludes the application of § 2250 or § 753(f).  And *even if* a § 2255 application were pending, any subsequent motion for court documents would have to include a "showing of need."  *See United States v. Nelson*, 1991 WL 59411, at * (10th Cir. April 16, 1991); *see also Irby v. Swenson*, 361 F.Supp. 167, 167 (D.C. Mo. 1973); *Wiggins v. United States*, 1005 WL 1362234, at *2 (S.D. Miss. June 3, 2005); *Althouse v. Cockrell*, 2004 WL 377049, at *2 (N.D. Tex. Feb. 13, 2004).  The Court also notes that a broad, unspecific contention that record access may enable Clark "to find grounds to pick [a] theory" is insufficient to constitute a showing of need.  *See, e.g., Walker*, 424 F.2d at 279 ("A federal prisoner is not entitled to obtain copies of court records at government expense for the purpose of searching the record for possible error.").

Accordingly, it is hereby

**ORDERED** that Defendant Deidre Clark's motion for the production of search warrant and witness statements [Record No. 324] is **DENIED**.

This 29th day of January, 2010.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge