UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 07-13-DCR |
| | ) | Civil Action No. 6: 10-7128-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| DEIDRE CLARK, | ) | **AND ORDER** |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant/Movant Deidre Clark's motion to amend, vacate or correct her sentence pursuant to 28 U.S.C.§ 2255. [Record No. 331] Pursuant to local practice, the motion was referred to a United States Magistrate Judge for review and issuance of a report and recommendation. On July 19, 2011, United States Magistrate Judge Hanly A. Ingram issued a Recommended Disposition in which he recommended that Clark's request for collateral relief be denied. [Record No. 351] Additionally, the magistrate judge recommended that a Certificate of Appealability not be issued. [*Id.*]

On August 4, 2011, Clark moved the Court for an extension of time to file her objections. [Record No. 353] The Court granted the motion, in part, and allowed Clark an additional fourteen days to file a response. [Record No. 354] On August 22, 2011, Clark

-1-

filed a "Motion for Amended 28 USC 2255 Petition." [Record No. 355] As will be explained below, the Court will construe this motion as Clark's objections to the magistrate judge's recommended disposition.

The Court has again reviewed the file of this matter, including Clark's original motion, the magistrate judge's Recommended Disposition, and Clark's objections to the magistrate judge's recommendations. Having considered these matters, the Court is in agreement with Magistrate Judge Ingram that Clark is not entitled to the relief sought. Accordingly, her motion will be denied and the magistrate judge's recommendations will be adopted.

## I.

Deidre Clark and her husband, George Clark, were named in a multi-count, second superseding indictment returned by a federal grand jury on March 29, 2007.[1] [Record No.

---

[1] Deidre Clark was originally named in a Criminal Complaint dated February 27, 2007. Following her arrest, she was released on an unsecured bond on March 1, 2007. Deidre Clark was arraigned on the first superseding indictment on March 8, 2007. [Record No. 40] During arraignment, the Assistant United States Attorney requested, *inter alia*, that communications between George and Deidre Clark be restricted. As a result of the valid concerns presented by the government, the United States Magistrate Judge modified Deidre Clark's conditions of release to include the following provision:

1. Defendants George Clark and Deidre Clark shall not have contact by electronic means, by cell phone, or by a telephone line if such line is in any manner external to the facility detaining George Clark. Further, Deidre Clark shall not take any cell phone, camera, or other electronic device into any facility detaining George Clark. George and Deidre Clark may only communicate in an area partitioning visitors from detainee. In a meeting involving the presence of counsel for both Defendants, the restrictions of this paragraph will not apply during the course of such meeting.

59] In Count 17, Deidre Clark was accused of making false statements to a federally-licensed firearms dealer in connection with the acquisition of a semiautomatic rifle by her husband in violation of 18 U.S.C. § 924(a)(1). More specifically, this count alleged that Deidre signed a Firearms Transaction Record falsely stating that she was the true purchaser of the weapon when she knew that her husband, George Clark[2], was the actual purchaser. Deidre Clark was also named in Count 20 of the indictment with knowingly possessing an unregistered sawed-off shotgun in violation of 26 U.S.C. §5861(d). [Record No. 59]

After being released on an unsecured bond with restrictions regarding communications with her husband, Deidre Clark was arrested on state charges. As a result, the United States secured her presence for arraignment on the second superseding indictment

---

[Record No. 43] The Clarks concocted an elaborate method of communicating in violation of this restriction.

[2] At the time of the purchase of the semiautomatic rifle, George Clark was a convicted felon, prohibited from purchasing or possessing firearms. George Clark was named in most of the substantive counts (Counts 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, 7ss, 8ss, 9ss, 10ss, 11ss, 12ss, 13ss, 14ss, 15ss, 16ss, 18ss, 21ss, and 22ss) alleging violations of 18 U.S.C. § 2; 18 U.S.C. § 1951(a); 18 U.S.C. §§ 922(g)(1), 922(j), 924(c)(1), and 924(e)(1); 21 U.S.C. §§ 841(a)(1) and 846; and 18 U.S.C. § 498. [Record No. 59] A third superseding indictment was returned on September 20, 2007, which named only George Clark as defendant. Three other defendants were named in several counts of the original, first, and/or second superseding indictments: James Bowling, Rick Brashear and Jeremy Brashear.

George Clark was the only defendant who proceeded to trial. Defendants James Bowling, Rick Brashear and Jeremy Brashear entered guilty pleas to counts of the second superseding indictment and testified as government witnesses during Clark's trial. [Record Nos. 119, 120, 126, 236, and 254] George Clark initially called Deidre to testify on his behalf during trial. However, after she was placed on the witness stand — but before the jury was seated — George decided that he did not want to call Deidre as a witness. The case proceeded to trial beginning May 20, 2008. On May 30, 2008, the jury found George Clark guilty of all counts charged in the third superseding indictment. [Record No. 249]

via a writ of habeas corpus ad prosequendum. [Record No. 75] Deidre Clark was arraigned on the second superseding indictment on April 23, 2007, with a hearing on the defendant's alleged bond violation and the United States' request for detention scheduled for April 26, 2007. [Record Nos. 85, 86] However, prior to the scheduled hearing, appointed counsel for both George and Deidre Clark moved to withdraw. [Record No. 91, 94] As a result, the hearing regarding Clark's detention was continued until May 1, 2007. [Record No. 95]

On April 30, 2007, Deidre Clark's newly appointed attorney, Samuel Castle, moved the Court for a psychological evaluation of his client. [Record No. 96] This request was granted by the magistrate judge on May 1, 2007. [Record No. 99] However, the defendant subsequently notified the Court that she did not intend to contest the evaluators' conclusions that she was competent and able to proceed to trial. [Record No. 146] Instead, through a motion for re-arraignment filed September 4, 2007, counsel for Deidre Clark notified the Court that the defendant intended to enter a guilty plea to Counts 17 and 20 of the second superseding indictment. With respect to Count 20, counsel indicated that Clark "will admit that the United States can prove the facts contained in the plea agreement beyond a reasonable doubt and she will admit to the conduct that makes her guilty of that offense." However, as to Count 17, counsel indicated that Clark was only willing "to admit that the United States can prove the facts contained in the plea agreement beyond a reasonable doubt." [Record No. 155]

Deidre Clark was re-arraigned on September 6, 2007. After determining that Clark was competent to proceed and that Clark fully understood the consequences of pleading

guilty/nolo contendere to the charges contained in Counts 17 and 20, the Court accepted a guilty plea to Count 20 and a plea of nolo contendere to Count 17 pursuant to a written plea agreement. [Record No. 263] In relevant part, the written plea agreement provides that Clark "waives the right to appeal and the right to attack collaterally the guilty plea and conviction. [However, Clark] . . . reserves the right to appeal the final sentence." [*Id.*]

At several points during the re-arraignment hearing, the Court confirmed that Clark understood that, by entering a nolo contendere plea, she might not receive credit for acceptance of responsibility under the United States Sentencing Guidelines. [Record Nos. 159, 294] At the conclusion of the re-arraignment hearing, and based on the parties' joint request, the Court directed that Clark receive a medical evaluation and treatment at the Bureau of Prison's facility closest to London, Kentucky. [Record No. 162] Shortly after the re-arraignment hearing, Deidre Clark submitted a *pro se* letter to the Court in which she indicated that she wished to withdraw her guilty/nolo contendere plea. [Record No. 173] However, she later changed her mind and withdrew the request. [Record No. 184]

On June 2, 2008, Deidre Clark was sentenced to a term of incarceration of 108 months, consisting of 60 months on Count 17 and 108 months on Count 20, to be served concurrently with the term imposed under Count 17. [Record No. 270] Based on Clark's failure to fully admit her criminal conduct charged in Count 17, she did not receive credit for acceptance of responsibility under the United States Sentencing Guidelines ("USSG"). Additionally, Clark received a two point enhancement for obstruction of justice under USSG § 3C1.1.

Defendant Clark appealed her sentence to the United States Court of Appeals for the Sixth Circuit. [Record No. 271] However, On July 28, 2009, the Sixth Circuit affirmed Clark's sentence. In relevant part, the court concluded that: (i) Clark's guilty/nolo contendere plea was made knowingly, voluntarily and intelligently and, therefore, she was barred by the plea agreement's waiver provision from challenging her conviction on appeal; (ii) the sentence imposed was both procedurally and substantively reasonable; and (iii) Clark's challenges to this Court's application of the relevant USSG provisions were without merit. With respect to this Court's refusal to apply a two-level reduction for acceptance of responsibility, the Sixth Circuit reached the following conclusion:

> We find no clear error in the district court's decision not to award Clark a reduction for acceptance of responsibility. Clark pleaded nolo contendere rather than guilty, she never expressly acknowledged that she purchased a firearm for her husband, and, throughout the proceedings, she was evasive with regard to her relevant conduct and her involvement in her husband's criminal activities. *See United States v. Garcia*, 252 F.3d 838, 841-42 (6th Cir. 2001); *Wilson*, 239 F.App'x at 267.

[Record No. 318]

The mandate was issued by the Sixth Circuit on August 19, 2009. [Record No. 319] On July 20, 2010, Clark filed her motion to vacate, set aside, or correct the sentence imposed on June 2, 2008. [Record No. 331]

## II.

### 1.    Motion to Amend

As a threshold matter, the Court must address Clark's motion to amend her § 2255 petition. Clark argues that she should be allowed to amend because "her severe depression"

caused her to file a "non-comprehensive inconclusive initial 2255 action . . . [i]n which the arguments were not properly presented nor were all issues and proper causes presented." [Record No. 355, p. 1]  However, the Court does not believe that it would be proper to allow Clark to amend her original petition at this late date.

The Supreme Court has explained that, under Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts ("Habeas Corpus Rules"), requests to amend § 2255 petitions are governed by Federal Rule of Civil Procedure 15.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Pursuant to Rule 15, once responsive pleadings are filed, a plaintiff may only amend with "the court's leave." Fed. R. Civ. P. 15(a)(2).  While such leave should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), the decision whether to do so remains committed to the district court's discretion.  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009) (finding the "district court did not abuse its discretion when it denied Courie's motion for leave to amend").

In this case, the Court does not believe justice requires leave to amend.  Clark originally submitted her petition on July 20, 2010.  It was not until *after* an adverse recommendation from the magistrate judge that Clark determined her "severe depression" prevented her from filing a complete petition.  [Record No. 355, p. 1]  The rule is well-established that a litigant  may not raise new arguments in objection to a magistrate judge's recommendation.  *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) (holding that a party is not permitted to raise a new argument, for the first time, in objections to a Report and Recommendation and that failure to raise the argument before the magistrate judge constitutes

waiver of the same); *Marr v. Foy*, No. 1:07-908, 2010 U.S. Dist. LEXIS 77925, at *10 (W.D. Mich. Jan. 4, 2010) ("It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a district judge that was not fairly presented to the magistrate judge."). Courts have explained that the Magistrates Act was not intended "to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Greenhow v. United States*, 863 F.2d 633, 638–39 (9th Cir. 1988), *rev'd on other grounds sub nom. United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992). The Court sees no reason, in this instance, to allow Clark to circumvent that rule by simply framing her new arguments as an "amendment."

Further, the Sixth Circuit has explained that motions for leave to amend should "be denied if the amendment . . . would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). And in this case, amendment would be futile. The majority of Clark's motion is repetition of her original motion, and thus has already been addressed by the magistrate judge. She does, however, present four new arguments. The first two of these claim that her sentence violates the Fifth Amendment because the government failed to show: (i) that the four-level enhancement pursuant to USSG 2K2.1(b)(6) for transferring a firearm to be used in a felony offense was proper; and (ii) that her two-level enhancement for obstruction of justice was proper. Both of these arguments were considered, and rejected, by the Sixth Circuit in Clark's direct appeal. *See United States v. Clark*, No. 08-5720, slip op. at 3 (6th Cir. July 28, 2009) ("[T]he district court did not err by applying a four-level enhancement pursuant to USSG § 2K2.1(b)(6)."); *id.* (holding that the "two-level increase for obstruction

of justice under USSG § 3C.1.1" was proper). Thus, amendment to reconsider these theories would be futile.

Clark's other new arguments concern "selective prosecution" and "judicial misconduct." [Record No. 355] Neither of these arguments have merit but, more importantly, neither would be proper for consideration at this stage. Clark's argument concerning prosecutorial misconduct would not "relate back" to her original motion, because it is based on different facts and events than the ineffective-assistance-of-counsel and Fifth Amendment arguments she originally presented. *See Mayle*, 545 U.S. at 650 ("An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ both in type and time from those the original pleading set forth."). Thus, that argument would be barred by the statute of limitations. The judicial misconduct claim would likewise be barred by the same rule because it does not arise from the same facts as her contentions regarding ineffective assistance. Additionally, both claims — judicial bias and selective prosecution — could have been raised on direct appeal and are therefore improper in a § 2255 motion, absent cause and prejudice. *See United States v. Frady*, 456 U.S. 152 167–68 (1982); *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993). While Clark may have asserted some cause — she earlier argued that appellate counsel was ineffective — she can establish no prejudice, as her claims are without merit. Thus, the Court will deny Clark's motion to amend her § 2255 petition because it does not believe "justice so requires" and because it concludes such amendment would nevertheless be frivolous. The Court will, however,

construe Clark's motion as objections to the magistrate judge's recommendation and address them accordingly.

## II.   Objections

Deidre Clark alleges that she was denied effective assistance of counsel under the Fifth and Sixth Amendments to the United States Constitution because, she contends, her guilty plea was not entered knowingly, intelligently, and voluntarily.  Therefore, she asserts that the wavier provision contained in her written plea agreement is unenforceable.  She also contends that her trial counsel committed numerous errors prior to and during the sentencing hearing which effectively increased the length of her sentence.  Additionally, she argues that her appellate counsel provided ineffective assistance.  [Record No. 331]

More specifically, Clark contends that she was not guilty of making false statements in connection with her purchase of the semiautomatic rifle (Count 17).  Instead, she states that when the firearm was purchased, it was not her intent to convey possession or ownership to her husband.  According to Clark,

> [t]he Movant was a gun rights enthusiast, who enjoyed possessing, shooting and maintaining firearms; she was raised around weapons and bought the LAR 15 .223 semi-automatic rifle from H & K Gun and Pawn Shop on February 28, 2006, because <u>she</u> wanted the firearm. . . .  Unfortunately, Movant lost possession and control of the firearm well after it was purchased. . . . However, it was not Movant's intent <u>at the time of purchase</u> to give the firearm to anyone, including her husband. . . .  With respect to count twenty charging Movant with possession of an unregistered firearm, the Movant told counsel that the weapon was not her's [sic], but realized it was seized from her residence.  Nevertheless, Movant advised counsel that the firearm was there when law enforcement agents had previously searched the residence. Although the Movant had serious reservations about her guilt related to count twenty, counsel expressed the opinion that Movant would be convicted of the

charge if the case is taken to trial. . . . Counsel never addressed – much less explained, and made sure Movant understood – what "attack collaterally" meant as used in the written plea agreement (See Plea Agree. pg. 3, ¶ 8). Which brings up the most critical issue before the Court: should it enforce the "attack collaterally" waiver as provided for in the written plea agreement?

[Record No. 331-1, p. 4] Clark asserts that her appellate counsel was ineffective because he filed an *Anders* brief claiming that there were no meritorious arguments to present on appeal and by failing to adequately consult with her before filing the brief. [*Id.* at pp. 22-23] She also contends that appellate counsel failed to adequately investigate and present arguments that trial counsel was ineffective. [*Id.* at 24]

Magistrate Judge Ingram's Recommended Disposition was filed on July 19, 2011. Based on his review of the entire record, the magistrate judge concluded that Clark's motion does not raise any issue entitling her to relief. After summarizing the relevant facts and outlining the standard of review applicable to Clark's various claims, Magistrate Judge Ingram addressed the validity of the defendant's plea and resulting conviction. In rejecting Clark's claim that she did not understand the consequences of entering guilty and nolo contendere pleas, the magistrate judge pointed to specific parts of the plea colloquy that demonstrate that the defendant fully understood the consequences of her decision.

In addition to undercutting Clark's argument that she did not understand the import of her decision, the cited portion of the transcript of the September 6, 2007 hearing confirms that Clark was fully advised of the consequences of waiving her right to collaterally attack her guilty plea and conviction. Where, as here, the Court closely follows the requirements of Rule 11 of the Federal Rules of Criminal Procedure, the defendant is bound by her

statements in response to the Court's questions. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986); *Moore v. Estelle*, 526 F.2d 690, 696-97 (6th Cir. 1976).

The Court's discussions with Clark also establish that she fully understood that, by entering a plea of nolo contendere, there was no guarantee or promise that she would receive credit under the United States Sentencing Guidelines for acceptance of responsibility. These discussions also refute any claim that Clark did not understand the essential elements of Counts 17 and 20 or that Clark was led to believe that her ultimate sentence could be determined prior to the sentencing hearing.

Next, the magistrate judge reviewed and properly addressed Clark's claims that her trial counsel provided inadequate assistance during the sentencing hearing. [Record No. 351, pp. 15-22] As noted in his Recommended Disposition, Clark was not prejudiced by her trial counsel's failure to object to the United States' failure to move for a three-level reduction in her base offense level calculation for acceptance of responsibility. Instead, by failing to properly accept responsibility for her criminal conduct, the defendant was not entitled to any reduction under the sentencing guidelines. Thus, no prejudice has been shown in this collateral proceeding which is a necessary component of Clark's claim. *See Degaglia v. United States*, 7 F.3d 609, 613 (7th Cir. 1993).

Clark's additional claims that her trial counsel was ineffective during the sentencing proceeding also fail. Clark has not shown that her attorney's advice to remain silent during the hearing resulted in any prejudice to her. Instead, as the magistrate judge points out in his Recommended Disposition, the statements Clark would have made – but for her attorney's

recommendation – would have further undercut her claim for acceptance of responsibility. Simply put, neither contradictory nor combative statements would have resulted in a reduced sentence.[3]

Finally, the magistrate judge addressed – and properly rejected – Clark's claim that her appellate counsel provided ineffective assistance. Clark has failed to identify any legitimate issue which could have been presented on direct appeal that would have altered the result in this case. And as Magistrate Judge Ingram corrected noted, "conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief." *Brock v. White*, No. 2: 09-CV-14005, 2011 WL 1565188, at \*3 (E.D. Mich., April 25, 2011).

## III.

The undersigned also agrees that where, as here, the record conclusively establishes that the movant is not entitled to relief, an evidentiary hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Likewise, a Certificate of Appealability is not appropriate where the movant has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Here, Clark has not demonstrated that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003).

## IV.

Based on the foregoing analysis and review, it is hereby

---

[3] As outlined at page 22 of his Recommended Disposition, Clark's trial counsel did not provide deficient performance by allegedly failing to investigate whether documents the government used to establish that Clark obstructed justice were actually forged.

**ORDERED** as follows:

1.      The magistrate judge's Recommended Disposition entered in this action on July 19, 2011 [Record No. 351] is **ADOPTED** and **INCORPORATED** herein by reference.

2      Defendant/Movant Deidre Clark's Motion to Amend [Record No. 355] is **DENIED**, but the Court construes the motion as Clark's objections to the magistrate judge's Recommended Disposition.  Those objections are **OVERRULED**.

3.      Defendant/Movant Deidre Clark's motion to vacate, set aside, or correct the sentence imposed in this matter on June 2, 2008, is **DENIED**.

4.      A separate, final and appealable Judgment will be entered this date in the corresponding habeas proceeding (Civil Action No. 6: 10-7128-DCR) in favor of the United States with respect to all issues raised herein by Defendant/Movant Deidre Clark.

5.      Defendant/Movant Deidre Clark's habeas proceeding (Civil Action No. 6: 10-7128-DCR) is **DISMISSED** and **STRICKEN** from the Court's docket.

6.      The Court declines to issue a Certificate of Appealability as to any issue raised by Defendant/Movant Deidre Clark in this proceeding.

This 23rd day of August, 2011.



Signed By:

*Danny C. Reeves*

United States District Judge